Simons, J.
(dissenting). Defendant, Michael Spitalnik, brought this declaratory judgment action against his co-tenant, defendant Roberta Springer, and the landlord of their apartment, defendant Orsid Realty Company, as agent for Normandy Associates. He seeks a declaration of the respective rights of the cotenants to purchase shares in the co-operative apartment building owned by the landlord. The apartment was first leased to Spitalnik and Springer as cotenants in 1976 for a term of two years. The term was subsequently continued to 1980. At the time of leasing the apartment, the tenants intended to marry and their purpose, as Ms. Springer testified, was not only to live together first but to make a good investment, i.e., to obtain a preferential price for the apartment if it should *118 “go co-op”. The romance soured before the investment opportunity ripened and Ms. Springer left the apartment in January, 1979. Later that year, the landlord did decide to convert the property to co-operative ownership and it offered Mr. Spitalnik and Ms. Springer the right, as cotenants, to buy apartment 1 IF at a preferential price if they exercised the option within 90 days. If the tenants failed to exercise the option within that period, the landlord was free to sell the shares publicly. The option period was later extended and did not formally end until August, 1980. Both Mr. Spitalnik and Ms. Springer submitted offers to the landlord accompanied by the required down payments but each insisted on purchasing the shares in his or her name alone. The landlord tried to adjust the situation with the parties and with their lawyers, suggesting that they buy the shares jointly and adjust their differences later. Inasmuch as both cotenants had the option to purchase the shares, however, the landlord refused to accept any offer unless both joined in it. Understandably, if the tenants could not resolve their problems, it saw no reason why it should choose between them and expose itself to the delay and expense of possible future litigation. With the situation in this posture, both Mr. Spitalnik and Ms. Springer opted to stand on their individual offers and the option period expired without either of them making any effort to stay its expiration or to resolve their legal dispute. On these facts, Trial Term correctly found for the landlord adding somewhat gratuitously that the cotenants could exercise jointly whatever rights they might have. Of course, they then had no legal rights to exercise the option because the option had expired.
Both the Appellate Division and the majority of this court have determined that the equities require that the tenants obtain judicial relief. I have difficulty identifying any equities in favor of the tenants, but even if I could and assuming the cotenants are now prepared to accept the option, I do not believe the court should extend the terms of a private offer to sell some three and a half years after it has expired. I, therefore, dissent and vote to modify by striking that part of the order of the Appellate Division which extended the option period an additional 30 days.
*119 Insofar as the equities are concerned, there is no evidence that the landlord failed to comply with any provisions of the Rent Stabilization Law or Code or that it has been guilty of any deception, overreaching or misconduct. Indeed, all 12 Judges in the three separate courts which have considered this matter have now held that the landlord properly refused to accept the separate offers submitted by the parties and none of the courts has found it wanting in any obligation to the tenants required to effect this preferential sale. The cotenants’ relief is premised solely on the lack of prejudice to the landlord. I do not believe that lack of prejudice is grounds for relief but, like the landlord no doubt, I view the issue of prejudice somewhat differently; without legal or moral fault on its part, it has been delayed in the business of converting this substantial building during the three years of expense and uncertainty connected with this litigation. This loss of time and money while the landlord proved beyond doubt that its actions were legally correct would seem to be prejudice enough.
Under the circumstances of statutory compliance by the landlord, this action should be judged by common-law rules. The pertinent governing rule is that time is of the essence in option contracts whether the action is at law or in equity (see 6 Williston, Contracts [3d ed], § 853). Unless the offer to sell is accepted within the time specified, the option expires by its own terms Waterman v Banks, 144 US 394; Warner-Quinlan Co. v Smith, 134 Misc 649, affd 229 App Div 814, affd 255 NY 582; and see Restatement, Contracts 2d, § 41). That rule prohibits a court from enlarging an option or resurrecting it three years after it has expired, nor do I know why it should do so after these tenants have been stubbornly indifferent to the legal consequences of their actions.
Chief Judge Cooke and Judges Jasen, Wachtler and Meyer concur with Judge Jones; Judge Simons dissents and votes to modify by striking that part of the order of the Appellate Division which extended the option period an additional 30 days, in a separate opinion.
*120 Order modified, with costs to respondents, in accordance with the opinion herein and, as so modified, affirmed.